Danny Baylis HUSTON, Appellant,

v.

Jim JONES, Appellee.

No. 88–1224.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1988.

Decided Dec. 15, 1988.

Danny Baylis Huston, pro se.

Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before HEANEY, BOWMAN and BEAM, Circuit Judges.

PER CURIAM.

Danny B. Huston appeals pro se from the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We affirm.

In 1981, Huston pleaded guilty to state rape and kidnapping charges pursuant to a plea agreement in which the state dismissed a sodomy charge. Huston was sentenced to fifteen years for each charge, to be served concurrently.

This is Huston's third petition for a writ of habeas corpus. The first petition was dismissed in district court for failure to

exhaust state remedies. *Huston v. Belt,* No. 82–1985–C(4) (E.D.Mo. Apr. 21, 1983). The second petition was considered on the merits but dismissed without prejudice. *Huston v. Morris,* No. 84–2653–C(2) (E.D.Mo. Aug. 9, 1985). In an unpublished per curiam, this Court dismissed Huston's appeal of the second petition as untimely, but stated "the dismissal will be without prejudice to any subsequent habeas corpus petition asserting the same grounds for relief." *Huston v. Morris,* No. 86–1010, slip op. at 3 (8th Cir. Apr. 25, 1986) [794 F.2d 679 (table)] (unpublished per curiam).

Huston filed a third habeas petition in federal district court which is the subject of the instant appeal. Huston reiterated the issues raised in his second habeas petition, plus he raised several other claims as well. The district court, adopting the recommendations of the magistrate, determined that, despite the previous dismissals "without prejudice," Huston's claim has either been adjudicated on the merits or could have been raised earlier, and thus that this petition constituted an abuse of the writ under Rule 9(b) of the Rules Governing Section 2254 Proceedings. 28 U.S.C. foll. § 2254; *see also Sanders v. United States,* 373 U.S. 1, 15, 17, 83 S.Ct. 1068, 1077, 1078, 10 L.Ed.2d 148 (1963). The district court, nevertheless, reviewed Huston's claims and concluded they were without merit. This timely appeal followed. Huston has also requested appointment of counsel on appeal.

We do not agree with the district court that Huston's third habeas corpus petition constituted abuse of process. From a reading of the entire record, it is clear that, prior to the submission of the third petition, Huston did not have a decision on the merits of his claim that his plea was an involuntary one because the state: (1) had coerced a confession, (2) had held him under excessive bail and (3) had failed to disclose evidence favorable to him and was prepared to use perjured evidence against him. In fact, the state court record reveals that Huston's lawyer, at the first state post-conviction proceeding, refused to present the issue of voluntariness to the state court. Under these circumstances, Huston has exhausted his state remedies and is entitled to a decision on the merits.

As to the merits, after a careful review of the entire record, we are inclined to agree with the magistrate whose recommendation the district court adopted. The magistrate accurately reported that Huston appeared with Mr. Arthur Margulis, a seasoned and capable criminal attorney, before the Circuit Judge of Marion County on January 27, 1981. At that point, Margulis indicated that there had been plea negotiations with the prosecutor and stated that Huston was withdrawing his former plea of not guilty to rape and kidnapping and that the state was going to dismiss the charge of sodomy. At that point, the magistrate correctly states that Huston was sworn and extensively interrogated by the court, and that he detailed that he had committed rape and kidnapping. He also acknowledged that he was waiving his rights to a jury trial and his right to confront witnesses. The plea was accepted only after the trial court's detailed explanation of the defendant's rights and the effect of the plea. Under these circumstances, we agree with the magistrate that the plea transcript belies Huston's present claims of involuntariness.

We affirm the district court's order and deny Huston's motion for appointment of counsel.